IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 AUG 19 PM 2:10

DEPUTY CLERK __AC__

| | | |
|---|---|---|
| PAUL TOPPER, et ux, | § | |
| BRENDA TOPPER, | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| CHRISTOPHER ADAM VILLARREAL, | § | CV __2:15CV-257-J__ |
| INDIVIDUALLY AND TANKSTAR | § | |
| USA, INC. AND SCHWERMAN | § | |
| TRUCKING CO., | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **PAUL TOPPER** and wife, **BRENDA TOPPER**, hereinafter called Plaintiffs, complaining of and about **CHRISTOPHER ADAM VILLARREAL**, hereinafter called Defendant, and **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.**, hereinafter called Co-Defendants and for cause of action would respectfully show this Honorable Court the following:

### A. PARTIES AND SERVICE

1. Plaintiffs, **PAUL TOPPER** and **BRENDA TOPPER**, are individuals that are citizens under the laws of the State of Texas and whose address is 7022 Co. Rd. 15A, P. O. Box 582, Wheeler, Texas 79096.

2. Defendant, **CHRISTOPHER ADAM VILLARREAL**, is an individual that is a citizen under the laws of the state of Texas, and may be served with process at 303 Irene, Plainview, Texas.

3. Co-Defendant, **TANKSTAR USA, INC**, is a corporation that is incorporated

under the laws of the State of Wisconsin. Co-Defendant has its principal place of business in the State of Wisconsin. Co-Defendant has a registered agent for service of process in the State of Texas. Service of process on defendant may be made according to the laws of the State of Texas by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Your Plaintiffs request that citation issue from the district clerk of the United States District Clerk-Northern Division by certified mail, return receipt requested.

4.   Co-Defendant, **SCHWERMAN TRUCKING CO.**, is a corporation held by Defendant, **TANKSTAR USA, INC.**, a corporation that is incorporated under the laws of the State of Wisconsin. Co-Defendant has its principal place of business in the State of Wisconsin. Co-Defendant has a registered agent for service of process in the State of Texas. Service of process on defendant may be made according to the laws of the State of Texas by serving CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Your Plaintiffs request that citation issue from the district clerk of the United States District Clerk-Northern Division by certified mail, return receipt requested.

## B. JURISDICTION AND VENUE

5.   The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1);(c)(1) because Plaintiff and **CHRISTOPHER ADAM VILLARREAL**, the individual Defendant, and the corporation Co-Defendants, **TANKSTAR USA, INC. and SCHWERMAN TRUCKING CO.**, are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interests and costs.

6.   Venue is proper in this district under 28 U.S.C. §1391(b)(2);(c)(1) because a substantial part of the events or omissions giving rise to this claim occurred in this district and Plaintiffs and Defendant, **CHRISTOPHER ADAM VILLARREAL**, reside in this district.

## C. FACTS

7.     On or about September 12, 2013, your Plaintiff, **PAUL TOPPER**, was safely stopped on the southbound shoulder of I-27, almost to the McCormick Road exit in Randall County, Texas to secure the bass boat he and his son were hauling on their boat trailer. Your Plaintiff, **PAUL TOPPER,** was in between the boat trailer and the pickup truck he was driving securing the trailer hitch, when he observed the Defendant, **CHRISTOPHER ADAM VILLARREAL**, driving a cement truck southbound on I-27 in the right hand lane. Plaintiff, **PAUL TOPPER,** realized Defendant, **CHRISTOPHER ADAM VILLARREAL,** was driving too fast to stop and was too far to the right to avoid hitting Plaintiff, **PAUL TOPPER'S** boat trailer. Plaintiff was unable to move fast enough to get out of the way and was pinned between his pickup truck, the boat trailer and the guardrail on the right shoulder of I-27 when the Defendant, **CHRISTOPHER ADAM VILLARREAL'S** truck impacted the boat trailer and drove it into the back of the Plaintiff, **PAUL TOPPER'S** pickup.  The Defendant, **CHRISTOPHER ADAM VILLARREAL**, then veered left and struck another car in the left hand lane of I-27 and proceeded to roll his truck into the center median.

8.     Your Plaintiff, **PAUL TOPPER**, had moved his vehicle and trailer safely off the roadway and was behaving, at all times pertinent hereto, in a reasonable and prudent manner prior to Defendant, **CHRISTOPHER ADAM VILLARREAL,** striking his boat trailer and pickup truck tailgate from behind.  As a direct and proximate result of the negligent acts of Defendant, **CHRISTOPHER ADAM VILLARREAL,** Plaintiff, **PAUL TOPPER**, suffered a crush injury described as a "massive parenchymal disruption of spleen without mention of open wound into cavity; Open dislocation of the wrist." Your Plaintiff, **PAUL TOPPER**, never lost consciousness as his guts were squished between the pickup truck and the boat trailer. Plaintiff,

**PAUL TOPPER's** medical expenses exceed $80,000.00 and continue to rise. In addition, Plaintiff suffered a significant and substantial amount of pain and suffering as a direct and proximate result of the Defendant, **CHRISTOPHER ADAM VILLARREAL'S** negligence.

### D. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST CHRISTOPHER ADAM VILLARREAL

9. Defendant, **CHRISTOPHER ADAM VILLARREAL,** had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant, **CHRISTOPHER ADAM VILLARREAL**, breached that duty in one or more of the following ways:

   a. Failing to timely apply his brakes;

   b. Failing to maintain an assured clear distance between his vehicle and the vehicles parked on the shoulder of I-27;

   c. Failing to control his speed;

   d. Failing to safely stop without colliding with your Plaintiff's vehicle;

   e. Violating the Texas Transportation Code §545.351, which is negligence per se.

10. Each of the foregoing acts of negligence taken singularly or in combination with others was a proximate cause of the damages and injuries suffered by your Plaintiffs.

### E. PLAINTIFF'S CLAIM OFEGLIGENCE PER SE AGAINST CHRISTOPHER ADAM VILLARREAL

11. Defendant, **CHRISTOPHER ADAM VILLARREAL'S,** conduct was negligence per se because Defendant, **CHRISTOPHER ADAM VILLARREAL,** breached a duty imposed by statute, specifically section §545.351 of the Texas Transportation Code which breach caused Plaintiffs' damages. Specifically, Defendant, **CHRISTOPHER ADAM VILLARREAL,** breached one or more of the duties imposed by statute as follows:

§ 545.351. MAXIMUM SPEED REQUIREMENT. a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) the operator is approaching and crossing an intersection or railroad grade crossing;

(2) the operator is approaching and going around a curve;

(3) the operator is approaching a hill crest;

(4) the operator is traveling on a narrow or winding roadway; and

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

12.   Defendant, **CHRISTOPHER ADAM VILLARREAL'S,** unexcused breach of the duty imposed by section §545.351 of the Texas Transportation Code proximately caused the Plaintiffs' injuries described herein.

### F. PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR/AGENCY AGAINST TANKSTAR USA, INC., AND SCHWERMAN TRUCKING CO.

13.   At all times pertinent hereto, Defendant, **CHRISTOPHER ADAM VILLARREAL,** was within the course and scope of employment for Co-Defendant,

SCHWERMAN TRUCKING CO., and its holding company, Co-Defendant, **TANKSTAR USA, INC.**

14. At all times pertinent hereto, Defendant, **CHRISTOPHER ADAM VILLARREAL,** was engaged in accomplishing a task for which Defendant, **CHRISTOPHER ADAM VILLARREAL,** was employed.

15. Plaintiffs invoke the doctrine of Respondeat Superior against Co-Defendant, **SCHWERMAN TRUCKING CO.** and its holding company, Co-Defendant, **TANKSTAR USA, INC.** Defendants, **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.**, are liable for the negligent acts of their employees while in the course and scope of their employment.

### G. PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST TANKSTAR USA, INC. AND SCHWERMAN TRUCKING CO.

16. Plaintiffs incorporate paragraphs 1-15 the same as if fully copied and set forth at length.

17. Plaintiffs allege that the injuries, harm, and damages were incurred by your Plaintiffs as a result of the truck driven by Defendant, **CHRISTOPHER ADAM VILLARREAL**, in a negligent and reckless manner, which because of youth, inexperience, and prior actions, these Defendants knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving a truck.

18. Defendants, **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.**, as the employer of Defendant, **CHRISTOPHER ADAM VILLARREAL,** had the right to permit and the power to prohibit the use of the truck by **CHRISTOPHER ADAM VILLARREAL**.

19. Defendants, **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.**,

knew, or had reason to know, that Defendant, **CHRISTOPHER ADAM VILLARREAL** because of youth, inexperience, and/or prior actions, was likely to operate his truck in a negligent and/or reckless manner.

20. As a direct result of Defendants, **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.** negligently entrusting Defendant, **CHRISTOPHER ADAM VILLARREAL**, who operated said truck in a negligent and/or reckless manner, Plaintiff, **PAUL TOPPER**, without any contributory negligence did suffer the injuries, damages, and harm previously set forth in this Complaint.

### H. PLAINTIFF'S CLAIM OF NEGLIGENT HIRING AND ENTRUSTMENT AGAINST TANKSTAR USA, INC. AND SCHWERMAN TRUCKING CO.

21. Plaintiffs incorporate paragraphs 1-20 the same as if fully copied and set forth at length.

22. Defendants, **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.**, had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendants, **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.**, owed this duty to your Plaintiffs and such duty was breached.

### I. DAMAGES FOR PLAINTIFF, PAUL TOPPER

23. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **PAUL TOPPER,** was caused to suffer irreparable physical damage by the loss of his spleen which had ruptured and had to be removed, and multiple external and internal physical injuries and to incur the following damages:

    A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, **PAUL TOPPER,** for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Potter and Randall County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Loss of earnings in the past;

H.   Loss of earning capacity which will, in all probability, be incurred in the future;

I.   Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J.   Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

K.   Mental anguish in the past;

L.   Mental anguish in the future; and

M.   Cost of medical monitoring and prevention in the future.

24.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **BRENDA TOPPER,** has suffered a loss of consortium in the past and future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations.

### H. EXEMPLARY DAMAGES FOR PLAINTIFF, PAUL TOPPER

25.   Defendant, **CHRISTOPHER ADAM VILLARREAL'S,** acts or omissions described above, when viewed from the standpoint of **CHRISTOPHER ADAM**

VILLARREAL at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff, **PAUL TOPPER,** and others. Defendant, **CHRISTOPHER ADAM VILLARREAL,** had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff, **PAUL TOPPER,** and others.

26. Based on the facts stated herein, Plaintiff, **PAUL TOPPER,** requests exemplary damages be awarded to Plaintiff, **PAUL TOPPER,** from Defendant, **CHRISTOPHER ADAM VILLARREAL** and Co-Defendants, **TANKSTAR USA, INC. and SCHWERMAN TRUCKING CO.**

### I. JURY DEMAND

27. Plaintiffs, **PAUL TOPPER** and wife, **BRENDA TOPPER,** assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Fed. R. Civ. P 38, a trial by jury on all issues.

### K. PRAYER

28. For these reasons, your Plaintiff, **PAUL TOPPER** and wife, **BRENDA TOPPER,** ask for judgment against Defendant, and Co-Defendants, **TANKSTAR USA, INC.** and **SCHWERMAN TRUCKING CO.,** jointly and severally for the following:

  a. Actual damages in an amount not to exceed the sum of $2,500,000.00.

  b. Prejudgment and postjudgment interest at the highest rate allowed by law.

  c. Exemplary damages.

  d. Costs of suit.

  e. All other relief the Court deems appropriate.

Respectfully submitted,

_____
**MICHAEL A. WARNER**
State Bar No. 20872700
**BRENT C. HUCKABAY**
State Bar No. 24085879

**WARNER LAW FIRM**
101 S.E. 11th, Suite 301
Amarillo, Texas 79101
E-mail:mike@thewarnerlawfirm.com
E-mail:brent@thewarnerlawfirm.com
Tele:   806.372.2595
Fax:    866.397.9054

ATTORNEYS FOR PLAINTIFF

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paul Tepper, Brenda Tepper

**DEFENDANTS**
Christopher Adam Villarreal, Tankstar USA, Inc. and Schwerman Trucking Co.

(b) County of Residence of First Listed Plaintiff: **Wheeler**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Warner Law Firm
101 SE 11th St., Ste. 301
Amarillo, TX 79101

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: MVA - personal injuries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 2,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 8-19-15
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE